IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **AUDREY FINCH,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 2:07-CV-24-MHT |
| ) | |
| **DEPARTMENT OF MENTAL** ) | |
| **HEALTH & MENTAL** ) | |
| **RETARDATION, et al.,** ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR,
IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, Defendants move this Court for an Order dismissing the Plaintiff's complaint for failure to state a claim, or alternatively requiring the Plaintiff to provide a more definite statement.

**I.     PROCEDURAL BACKGROUND AND PLAINTIFF'S COMPLAINT**

On July 13, 1995, Plaintiff Audrey Finch filed a Motion to Intervene in the *Crum et al., v. State of Alabama, et al.,* CV 94-T-356-N case. The intervention request was granted on January 5, 2007, and this case was subsequently converted into a separate lawsuit. [Doc. No. 773 of the *Crum* case].

Plaintiff brings suit under Title VII and 42 U.S.C. §§ 1981 and 1983 relying solely on the following general allegations:

1. Defendants discriminated against the Plaintiff in "layoffs, recalls from layoffs, termination, discipline, hiring, rehiring, evaluations, job duty assignments, promotions, demotions, rollbacks, sick leave, and other terms and conditions

1

      of employment and subjective decision making practices which have resulted in disparate impact and treatment of the plaintiff….." (Compl. ¶ 12).

2. Plaintiff further alleges she was discriminated against on the basis of her race with respect to "promotion, evaluations, job responsibility, duty assignments, and other terms and conditions of employment." (Compl. ¶ 13).

3. Finally, Plaintiff alleges she has continuously sought promotion to the Habilitation Treatment Coordinator position. Plaintiff claims she was not promoted despite being qualified for the position. Plaintiff claims that two unnamed, lesser qualified white females were promoted or hired into the Habilitation Treatment Coordinator position. (Compl. ¶ 14).

These laundry lists of allegations are made without any facts to support the broad, vague and legally conclusory claims. On its face, Plaintiff's complaint does not meet the requirements under *Bell Atlantic Corp. v Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) of stating a claim for which relief can be granted and therefore is due to be dismissed. Alternatively, the Court should require the Plaintiff to make a more definite statement as the allegations are so vague and ambiguous that the Defendants cannot reasonably be required to frame a proper responsive pleading.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiff's Complaint Fails to State a Claim Against the Defendants

Until the recent Supreme Court decision in *Bell Atlantic Corp. v Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), this Court was bound by the rule set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Finding that this formulation has "earned its retirement," the Court in *Twombly* held that a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative

level." 127 S.Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible," *Id.* at 1974.

In this Complaint, not only are no factual grounds alleged which would "raise a right to relief above the speculative level," but the Plaintiff does not even deign to provide the Defendants or this Court with a recitation of the elements of a cause of action. Apparently, that task is left to the Defendants and the Court to decipher. When these events allegedly occurred remains a mystery; no Defendant is identified for any particular allegation; no facts are submitted to support these claims; nor is an allegation of intent to discriminate made. In short, this is nothing more than a shotgun complaint which cannot withstand a Motion to Dismiss and this Complaint is due to be dismissed. *See also Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.").

### B. Alternatively, the Plaintiff Should be Required to Provide a More Definite Statement

Assuming, *arguendo*, that the Court does not dismiss this Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants request that this Court enter an Order requiring the Plaintiff to provide a more definite statement as to the claims against the Defendants. Rule 12(e) of the Fed. R. Civ. P. provides that a party may move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a proper responsive pleading." The

3

Complaint in this case is so vague that it is all but impossible to respond to it in any meaningful manner.

Because "shotgun pleadings," as in this case, present an unfair burden on the Court and Defendants, the Plaintiff should be required to provide a more definite statement. As recognized by the Eleventh Circuit:

> Under the Federal Rules of Civil Procedure, a defendant faced with a [shotgun] complaint is not expected to frame a responsive pleading. Rather the defendant is expected to move the court, pursuant to Rule 12(e) to require the plaintiff to file a more definite statement. Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with shotgun pleading out of the way, the trial judge will be relieved of the cumbersome task of sifting through myriad claims, many of which may be foreclosed by various defenses. Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

*Anderson v. Dist. Bd. of Trustees of Central Florida Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996) (footnotes and citations omitted).

Repeatedly emphasized by the Eleventh Circuit Court of Appeals is the judicial, administrative, and societal costs imposed by broad and vague complaints. *See, e.g., Chapman v. AI Transport,* 229 F.3d 1012, 1027 (11th Cir. 2000) (describing shotgun pleading as a "serious" and "ubiquitous problem," the "evils" of which require a district court to exercise a "firm hand" in dismissing non-meritorious claims); *Byrne v. Nezhat*, 261 F.3d 1075, 1128-134 (11th Cir 2001) (holding that, if a defendant does not move for a more definite statement, the trial court "must intervene *sua sponte* and order a repleader"); *Sikes v. Teleline, Inc.,* 281 F.3d 1350, 1355 n. 9 (11th Cir.2002) ("[P]laintiffs' complaint is yet another example of what we have often

4

criticized as 'shotgun pleadings,' where each count 'incorporates' all of the preceding paragraphs and counts. We have harshly criticized such shotgun pleadings in the past, and we repeat our displeasure with this type of complaint now."); *Beckwith v. Bellsouth Telecomms., Inc.,* 146 Fed. Appx. 368, 373 (11th Cir. Aug. 22, 2005) (categorizing complaint as a "shotgun" pleading because "[o]nly a few of [plaintiff's] claims were specific as to any defendant, and the relevant facts were not segregated to each of their respective claims," making it "virtually impossible to ascertain which factual allegations correspond with each claim").

Plaintiff's Complaint does not even contain "counts," much less separate counts with specific facts outlining the claims. Even a creative reading of the general allegations set forth *supra* does not disclose facts supporting Plaintiff's claim of racial discrimination. Instead, there is simply a laundry list of every conceivable job related activity: "layoffs, recalls from layoffs, termination, discipline, hiring, rehiring, evaluations, job duty assignments, promotions, demotions, rollbacks, sick leave, and other terms and conditions of employment and subjective decision making practices." (Compl. ¶ 12).

Plaintiff does not provide relevant information such as when a particular promotion was sought much less the identity of which Defendant is allegedly responsible for the denial of the promotion. Nor is there any identification of the racially discriminatory job assignments, layoffs, or rollbacks; how the Plaintiff's evaluations are discriminatory; nor what disciplinary action suffered by the Plaintiff is alleged to be discriminatory. Moreover, Plaintiff does not even distinguish the claims among the various Defendants, nor is there any indication as whether the allegations are in support of her Title VII, 42 U.S.C. § 1981 or § 1983 claim. In short, this is nothing more than a shotgun pleading with unsupported conclusions of law or mixed fact and law. Accordingly, Defendants specifically request that Plaintiff be required to set forth each

legal claim in a separate count pursuant to Rule 10(b) of the Fed.R.Civ.P. and to identify which facts support each separate claim and against which Defendants they are alleged.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Plaintiff's Complaint against the Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Defendants respectfully request that the Court require the Plaintiff to provide a more definite statement as to her alleged claims against the Defendants as provided for in Rule 12(e) of the Federal Rules of Civil Procedure.

    Respectfully submitted,

    /s/ John B. Holmes, III
    Warren B. Lightfoot, Jr.
    John B. Holmes, III
    Abigail H. Avery
    Attorneys for the Defendants
    Department of Mental Health
       and Mental Retardation, and
    John Houston, Commissioner

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-4604
Telephone:    (205) 254-1000
Facsimile:    (205) 254-1999
Email:    wlightfoot@maynardcooper.com
        jholmes@maynardcooper.com
        aavery@maynardcooper.com

Courtney W. Tarver
Tamara R. Pharrams
DEPARTMENT OF MENTAL HEALTH
  AND MENTAL RETARDATION
P.O. Box 301410
Montgomery, Alabama 36130-1410
Telephone:  (334) 242-3038

/s/ Alice Ann Byrne
Alice Ann Byrne
Attorney for the Defendants
State Personnel Department and
Jackie Graham, Director of State
Personnel Board

STATE PERSONNEL DEPARTMENT
Folsom Administrative Building
64 North Union Street ~ Suite 316
Montgomery, Alabama 36130
Telephone:    (334) 242-3451
Facsimile:    (334) 353-4481
Email:        aliceann.byrne@personnel.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2007, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

For the Plaintiff:

  Russell W. Adams, Esq.
  Rocco Calamusa, Jr., Esq.
  WIGGINS CHILDS QUINN & PANTAZIS, P.C.
  The Kress Building
  301 19th Street North
  Birmingham, Alabama 35203-3204

/s/ John B. Holmes, III
Of Counsel