IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **AUDREY D. FINCH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION No:2:07cv24-MHT |
| ) | |
| **STATE OF ALABAMA PERSONNEL** ) | **DEMAND FOR JURY TRIAL** |
| **DEPARTMENT and its Director,** ) | |
| **Jackie Graham; STATE OF ALABAMA** ) | |
| **DEPARTMENT OF MENTAL HEALTH** ) | |
| **and MENTAL RETARDATION and its** ) | |
| **Commissioner, JOHN HOUSTON,** ) | |
| ) | |
| **Defendants.** ) | |

**FIRST AMENDED COMPLAINT**

The Plaintiff, Audrey Denise Finch, pursuant to this Court's Order [Doc.34] hereby amends and restates her Complaint against the Defendants, as follows:

**I.    JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1983. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §1981, and 42 U.S.C. §1983. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000e et seq., 42 U.S.C. §§1981 and 1983, and the "Civil Rights Act of 1991" providing

42795_2.wpd

                for injunctive and other relief against race discrimination.

2.     The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e, et. seq., 42 U.S.C. §1981, and 42 U.S.C. §1983.

## II.    PARTIES

3.     Plaintiff, Audrey Finch, is an African-American citizen of the United States and a resident of the State of Alabama.

4.     Defendant, State of Alabama Personnel Department and its Director, Jackie Graham, in her official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

5.     Defendant, State of Alabama Department of Mental Health and Mental Retardation, and its Commissioner, John Houston, in his official capacity as an agent, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant employs at least fifteen (15) persons.

**III.   FACTUAL ALLEGATIONS**

6. Plaintiff graduated from Alabama State University in 1975 with a Bachelor of Arts degree in Sociology.

7. Plaintiff received her Master's Degree in Counseling in 1991 from Alabama State University.

8. Plaintiff began working for the Alabama Department of Mental Health and Mental Retardation in January 1986 as a Mental Health Worker I at its Glenn Ireland facility in Birmingham, Alabama.

9. Plaintiff worked for the Alabama Department of Mental Health and Mental Retardation at the Glenn Ireland facility in Birmingham, Alabama from 1986 to March 1996 when she was laid off as a result of the closure of the Glenn Ireland facility.

10. As a Mental Health Worker I, Plaintiff worked directly with the client-residents at Glenn Ireland by bathing, clothing and feeding them, taking them on outings, engaging in different activities with them and generally interacting with them on a daily basis.

11. While a Mental Health Worker I, Plaintiff was supervised by Vivian Richardson, a HTS or Cottage Supervisor.

12. Throughout Plaintiff's employment with the Department of Mental Health and Mental Retardation, she was repeatedly denied promotions by the Defendants on the basis of her race, African-American.

13. Plaintiff was as qualified, if not more qualified, than the white individuals who

received the promotions Plaintiff sought but was denied.

14. The actions of the Department of Mental Health and Mental Retardation and its Commissioner, John Houston, (the "Mental Health Defendants") in denying Plaintiff the promotions she sought and which were awarded to white applicants, despite Plaintiff being as qualified or more qualified than the white applicants who were awarded such promotions, were made knowingly and intentionally, in bad faith, and in complete disregard for established law forbidding discrimination.

15. Defendant Mental Health & Mental Retardation and Defendant State of Alabama act as agents for the State of Alabama for the purpose of accepting or rejecting candidates for employment and job promotions.

16. The Defendants have no legitimate non-discriminatory reasons for their conduct in denying Plaintiff the promotions she sought and for which she was qualified.

17. Because of the Defendants' discriminatory conduct, Plaintiff has been caused to suffer severe emotional distress, embarrassment and humiliation.

**HTS (Cottage Supervisor) Promotion Claims**

18. Plaintiff, beginning in 1986, wanted to be promoted to the HTS position.

19. A HTS position is an exempt job position.

20. Between 1986 and 1991, Plaintiff applied for and was interviewed for a HTS position at Glenn Ireland on at least 3 occasions.

21. During the time period 1986-1991, Plaintiff was never promoted to the HTS position at Glenn Ireland.

22. During the time period 1986-1991, several white employees at Glenn Ireland, including John Justice, Mary Edith Moore and Tim LNU, were promoted to the HTS position.

23. Plaintiff was as qualified or more qualified than John Justice to hold the position of HTS.

24. Plaintiff was as qualified or more qualified than Mary Edith Moore to hold the position of HTS.

25. Plaintiff was as qualified or more qualified than Tim LNU to hold the position of HTS.

26. In 1991, Plaintiff was finally promoted to a HTS position at Glenn Ireland.

27. As an HTS, Plaintiff supervised Mental Health Worker I's and Mental Health Worker II's.

28. As an HTS, Plaintiff oversaw the daily operations of one of the approximately 7 cottages at Glenn Ireland, including supervising that cottage's staff of 7 or 8 persons and insuring that the client-residents were taken care of.

29. On some weekends, Plaintiff, as a HTS, was required to supervise all of the cottages at Glenn Ireland.

30. On occasion, plaintiff, as a HTS, was required to supervise her cottage and other cottages if other HTS employees were absent.

**HTL (Unit Leader) Promotion Claims**

31. Plaintiff also applied for a promotion to the QMRP position, also known as a

Habitation Team Leader ("HTL") during the 1991-1996 time period.

32. HTL positions are exempt job positions.

33. Plaintiff also met the job qualifications for the QMRP/HTL position during the 1991-1996 time period.

34. Plaintiff met the requirements for QMRP certification.

35. Plaintiff met the requirements for QMRP certification. because she had a master's degree in counseling and possessed the necessary experience per the Wyatt court-ordered standards.

36. Plaintiff applied for the QMRP/HTL position each time it was posted during the 1991-1996 time period.

37. Plaintiff applied for and was interviewed for the HTL position that was awarded to Diane McCullar in January 1993.

38. Diane McCullar is a white female.

39. Plaintiff was more qualified for the HTL position awarded to Diane McCullar than Diane McCullar.

40. Plaintiff applied for and was interviewed for the HTL position that was awarded to Jonathan Graves in or around January 1993.

41. Jonathan Graves is a white male.

42. Plaintiff was equally or more qualified for the HTL position awarded to Jonathan Graves than Jonathan Graves.

**Administrator II Promotion Claims**

43.  The Administrator II position is an exempt position.

44.  Plaintiff applied for and was interviewed for the Administrator II that was awarded to Terry Avery in or around 1994-1995.

45.  Terry Avery is a white male.

46.  Plaintiff was more qualified for the Administrator II position awarded to Terry Avery than Terry Avery.

**Social Worker Promotion Claims**

47.  Plaintiff applied for and was qualified for the Senior Service Social Worker position in or around October 1996.

48.  Plaintiff's application for the Senior Service Social Worker position was rejected by the Defendants, State of Alabama Personnel Department and its Director, Jackie Graham, for failure to meet the requisite educational standards.

49.  Plaintiff did meet with requisite educational standards to be a Senior Service Social Worker because she possessed a Master's Degree in Counseling.

**Rehabilitation Position Promotion Claims**

50.  Plaintiff applied for and was qualified for the Rehabilitation I and Rehabilitation II positions.

51.  Plaintiff's applications for the Rehabilitation I and Rehabilitation II positions were rejected by Defendants State of Alabama Personnel Department and its Director,

Jackie Graham, and for failure to meet the requisite educational standards.

52. Plaintiff did meet with requisite educational standards for the Rehabilitation I and Rehabilitation II positions because she possessed a Master's Degree in Counseling.

## IV   CAUSES OF ACTION

### A.   FIRST CAUSE OF ACTION:  RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO 42 U.S.C. § 1981, BY AND THROUGH 42 U.S.C. § 1983 AGAINST THE STATE OF ALABAMA DEPARTMENT OF MENTAL HEALTH AND RETARDATION AND ITS COMMISSIONER, JOHN HOUSTON

1. Plaintiff re-alleges and incorporates by reference paragraphs 1-46 with the same force and effect as if fully set out in specific detail hereinbelow.

2. This claim is brought against the Defendant Alabama Department of Mental Health and Mental Retardation and its Commissioner, John Houston, in his official capacity.

3. Plaintiff has been denied promotions she was qualified for in favor of lesser qualified white employees because of her race, African American.

4. Plaintiff is as qualified, if not more qualified than the white individuals who were awarded the positions.

5. The Mental Health Defendants have a pattern and practice of race discrimination.

6. The Mental Health Defendants have no legitimate non-discriminatory reason for their conduct.

7. Because of the Mental Health Defendants' conduct, Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

8. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment, is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the Mental Health Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

B. **SECOND CAUSE OF ACTION: RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000(e) et seq AGAINST THE STATE OF ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION.**

1. The plaintiff re-alleges and incorporates by reference paragraphs 1-46 with the same force and effect as if fully set out in specific detail hereinbelow.

2. This claim is brought against the Defendant Alabama Department of Mental Health and Mental Retardation.

3. Plaintiff has been denied promotions she was qualified for in favor of lesser qualified white employees because of her race, African American.

4. Plaintiff is as qualified, if not more qualified than the white individuals who were awarded the positions.

5. The Defendant has a pattern and practice of race discrimination.

6. The Defendant has no legitimate non-discriminatory reason for its conduct.

7. Because of the Defendant's conduct, Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

8. Plaintiff seeks to redress the wrongs alleged herein, and this suit for back-pay plus interest, an injunctive and declaratory judgment, is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

C. **THIRD CAUSE OF ACTION. RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO 42 U.S.C. § 1981, BY AND THROUGH 42 U.S.C. § 1983, AGAINST DEFENDANTS STATE OF ALABAMA PERSONNEL DEPARTMENT AND ITS DIRECTOR, JACKIE GRAHAM**

1. Plaintiff re-alleges and incorporates by reference paragraphs 1-17; 47-52 with the same force and effect as if fully set out in specific detail hereinbelow.

2. This claim is brought against the Defendant State of Alabama Personnel Department and its Director, Jackie Graham, in her official capacity.

3. Plaintiff has been denied promotions she was qualified for in favor of lesser qualified white employees because of her race, African American.

4. Plaintiff is as qualified, if not more qualified than the white individuals

        who were awarded the positions.

5.     The Defendants have a pattern and practice of race discrimination and retaliation.

6.     The Defendants have no legitimate non-discriminatory reason for their conduct.

7.     Because of the Defendants' conduct, Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

8.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment, is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

D.     **FOURTH CAUSE OF ACTION. RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000(e) et seq. AGAINST DEFENDANT STATE OF ALABAMA PERSONNEL DEPARTMENT**

1.     The plaintiff re-alleges and incorporates by reference paragraphs 1-17; 47-52 with the same force and effect as if fully set out in specific detail hereinbelow.

2.     This claim is brought against the Defendant State of Alabama Personnel Department.

3. Plaintiff has been denied promotions she was qualified for in favor of lesser qualified white employees because of her race, African American.

4. Plaintiff is as qualified, if not more qualified than the white individuals who were awarded the positions.

5. The Defendant has a pattern and practice of race discrimination and retaliation.

6. The Defendant has no legitimate non-discriminatory reason for its conduct.

7. Because of the Defendant's conduct, Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

8. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment, is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants are violative of the rights of the Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights

        Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983.

2. Grant Plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and at the Defendants' request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq., 42 U.S.C. §1981 and 42 U.S.C. §1983.

3. Enter an order requiring the Defendants to make the Plaintiff whole by awarding her the position(s) she would have had occupied in the absence of race discrimination, back-pay (plus interest), punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

4. Award the Plaintiff such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

/s/ Rocco Calamusa, Jr.

Rocco Calamusa, Jr.

Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Rocco Calamusa, Jr.
Rocco Calamusa, Jr.

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties, and I hereby certify that, to the best of my knowledge and belief, there are no non-CM/ECF participants to whom the foregoing is due to be mailed by way of the United States Postal Service.

                /s/ Rocco Calamusa, Jr.
                Of Counsel