## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **AUDREY D. FINCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **2:07-CV-024-MHT** |
| | ) | |
| **DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

The State of Alabama Personnel Department and Jackie Graham, Director, and the State Department of Mental Health and Mental Retardation, and John Houston, Commissioner, (hereinafter "Defendants"), answer Plaintiff's First Amended Complaint as follows:

1.    This paragraph requires neither an admission nor a denial.

2.    Defendants deny that Plaintiff has fulfilled all conditions precedent to the institution of this action.

## II.    PARTIES

3.    Admitted.

4.    Paragraph 4 calls for a legal conclusion.

5.    Paragraph 5 calls for a legal conclusion.

6.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6, and as such deny the same.

7.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7, and as such deny the same.

8.    Admit that Plaintiff was hired by the Alabama Department of Mental Health and Mental Retardation in January 1986 as a Mental Health Worker I at its Glenn Ireland facility in Birmingham, Alabama.

9.    Admit that Plaintiff worked for the Alabama Department of Mental Health and Mental Retardation at the Glenn Ireland facility from 1986 until she was laid off in 1996.

10.    Admit that Plaintiff worked directly with the client-residents at Glenn Ireland by bathing, clothing, and feeding them, taking them on outings, engaging in different activities with them and interacting with them on a daily basis.

11.    Deny that Plaintiff was supervised by Vivian Richardson while a Mental Health Worker I.

12.    Deny that Plaintiff was denied promotions on the basis of her race.

13.    Deny that Plaintiff was as or more qualified than the white individuals who received the promotions Plaintiff sought by was denied.

14.    Deny that Plaintiff was as qualified or more qualified that the white applicants for the promotions she sought.  Deny that the actions of the Department

2

of Mental Health and Mental Retardation and its Commission, John Houston, were in bad faith or in disregard of established law forbidding discrimination.

15.     Paragraph 15 calls for a legal conclusion.

16.     Deny that Defendants have no legitimate non-discriminatory reasons for denying Plaintiff the promotions she sought.

17.     Deny that Defendants' conduct was discriminatory, and deny that Plaintiff has been cause to suffer severe emotional distress, embarrassment, or humiliation.

**HTS (Cottage Supervisor) Promotion Claims**

18.     Defendants are without sufficient knowledge or information as to the allegations in paragraph 18, and therefore deny the allegations contained in paragraph 18.

19.     Paragraph 19 calls for a legal conclusion.

20.     Deny that Plaintiff applied for and was interviewed for a Habilitation Treatment Specialist position on at least three occasions.

21.     Admit that Plaintiff was promoted to a Habilitation Treatment Specialist position on January 12, 1991.

22.     Admit that John Justice and Mary Edith Moore are white and, upon information and belief, were promoted to the position of Habitat Treatment Specialist.  Defendants are without sufficient knowledge or information at this time

3

as to when these promotions occurred, and therefore deny they occurred during the time period 1986-1991  Defendants are without knowledge or information of an employee named Tim LNU, and therefore deny that he is white and deny he was promoted to the HTS position.

23.    Deny that Plaintiff was as or more qualified than John Justice to hold the position of HTS.

24.    Deny that Plaintiff was as or more qualified than Mary Edith Moore to hold the position of HTS.

25.    Defendants are without knowledge or information regarding an employee named Tim LNU, and therefore deny that Plaintiff was as or more qualified than Tim LNU to hold the position of HTS.

26.    Admit that Plaintiff was promoted to a HTS position at Glenn Ireland in 1991.

27.    Admit that Plaintiff supervised Mental Health Worker I's, and admit, upon information and belief, that Plaintiff supervised Mental Health Worker II's.

28.    Admit that Plaintiff oversaw the operations of one of the cottages at Glenn Ireland and supervised that cottage's staff.

29.    Admit that Plaintiff, as an HTS, was required to work some weekends. Deny that she supervised all of the cottages at Glenn Ireland on these weekends.

30.     Deny that Plaintiff, as an HTS, was required to supervise her cottage and other cottages if other HTS employees were absent.

**HTL (Unit Leader) Promotion Claims**

31.     Deny that Plaintiff applied for a Habitation Team Leader position during the 1991-1996 time period.  Admit that Plaintiff applied for a Habilitation Treatment Coordinator position in 1992.

32.     Paragraph 32 calls for a legal conclusion.

33.     Deny that Plaintiff met the job qualifications for the QMRP/HTL position during the 1991-1996 time period.

34.     Deny that Plaintiff me the requirements for QMRP certification.

35.     Deny that Plaintiff met the requirements for QMRP certification.

36.      Deny that Plaintiff applied for the QMRP/HTL position each time it was posted during the 1991-1996 time period.

37.     Deny that Plaintiff applied for or was interviewed for the HTL position that was awarded to Diane McCullar.  Deny that the position was awarded to Diane McCullar in January 1993.

38.     Admit that Diane McCullar is a white female.

39.     Deny that Plaintiff was more qualified than Diane McCullar for the HTL position awarded to Diane McCullar.

40.    Admit that Plaintiff applied for and was interviewed for the HTL position that was awarded to Jonathan Graves in January 1993.

41.    Admit that Jonathan Graves is a white male.

42.    Deny that Plaintiff was more qualified than Jonathan Graves for the HTL position awarded to Jonathan Graves.

**Administrator II Promotion Claims**

43.    Paragraph 43 calls for a legal conclusion.

44.    Admit that Plaintiff applied for an Administrator II position in 1994 or 1995. Defendants are without sufficient knowledge or information as to whether Plaintiff interviewed for the Administrator II position, and as such deny same. Admit that Terry Avery was appointed to an Administrator II position. Defendants are without sufficient knowledge or information as to whether Plaintiff applied for the Administrator II position that was awarded to Terry Avery, and as such deny same.

45.    Admit that Terry Avery is a white male.

46.    Deny that Plaintiff was more qualified for the Administrator II position awarded to Terry Avery than Terry Avery.

**Social Worker Promotion Claim**

47.  Admit that Plaintiff applied for Senior Service Social Worker in or around October 1996.  Deny that Plaintiff was qualified for this position.

48.  Admit that Plaintiff's application for the Senior Service Social Worker position was rejected by the State Personnel Department.

49.  Deny that Plaintiff met the educational  requirements of a Senior Service Social Worker.  A Master's Degree in Counseling is not the same as a Master's Degree in Social Work.

**Rehabilitation Position Promotion Claims**

50.  Admit that Plaintiff applied for the positions of Rehabilitation I and Rehabilitation II classifications.   Deny that Plaintiff was qualified for these positions.

51.  Admit that Plaintiff's applications for these positions were rejected.

52.  Admit that Plaintiff had the requisite educational requirements for this position.  Plaintiff, however, was rejected based on her failure to have the requisite experience to qualify for these positions. .

**A.     FIRST CAUSE OF ACTION.    RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO 42 U.S.C. 1981 BY AND THROUGH 42 U.S.C. 1983, AGAINST THE STATE OF ALABAMA DEPARTMENT OF MENTAL HEALTH AND RETARDATION AND ITS COMMISSIONER, JOHN HOUSTON.**

1.     This paragraph requires neither an admission nor a denial.

2.     This paragraph requires neither an admission nor a denial.

3.     Deny that these defendants denied Plaintiff any promotion.  Deny that she was more qualified than the employees who qualified for the positions.  Deny that any action was taken because of race.

4.     Deny that Plaintiff was more qualified than the white employees who were promoted.

5.     Deny that Defendants have a pattern and practice of race discrimination and retaliation.

6.     Deny that the Mental Health Defendants have no legitimate non-discriminatory reason for their conduct.

7.     Deny that the Defendants' conduct caused Plaintiff any embarrassment, distress, or humiliation.

8.     Deny that the Defendants committed any wrongs against the Plaintiff and deny that Plaintiff is entitled to any relief.

**B.     SECOND CAUSE OF ACTION.    RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. § 2000(E) et seq. AGAINST THE STATE OF ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION.**

1.     This paragraph requires neither an admission nor a denial.

2.     This paragraph requires neither an admission nor a denial.

3.    Deny that Plaintiff was denied any promotion.  Deny that she was more qualified than the employees who qualified for the positions.  Deny that any action was taken because of race.

4.    Deny that Plaintiff was more qualified than the white employees who were promoted.

5.    Deny that the Defendant has a pattern and practice of race discrimination and retaliation.

6.    Deny that the Defendant has no legitimate non-discriminatory reason for their conduct.

7.    Deny that the Defendant's conduct caused Plaintiff any embarrassment, distress, or humiliation.

8.    Deny that the Defendant committed any wrongs against the Plaintiff and deny that Plaintiff is entitled to any relief.

**C.    THIRD CAUSE OF ACTION.    RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO 42 U.S.C. 1981 BY AND THROUGH 42 U.S.C. 1983, AGAINST DEFENDANTS STATE OF ALABAMA PERSONNEL DEPARTMENT AND ITS DIRECTOR, JACKIE GRAHAM.**

1.  This paragraph requires neither an admission nor a denial.

2.  This paragraph requires neither an admission nor a denial.

3.  Deny that these defendants denied Plaintiff any promotion.  Deny that she was more qualified than the employees who qualified for the positions.  Deny that any action was taken because of race.

4.   Deny that Plaintiff was more qualified than the white employees who were promoted.

5.   Deny that Defendants have a pattern and practice of race discrimination and retaliation.

6.   The examinations and minimum qualifications about which Plaintiff apparently complains, were validated in accordance with the Uniform Guidelines.

7.   Deny that Defendants conduct caused Plaintiff any embarrassment, distress, or humiliation.

8.   Deny that Defendants committed any wrongs against the Plaintiff and deny that Plaintiff is entitled to any relief.

**D.    FOURTH CAUSE OF ACTION.    RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. 2000(e)  et. seq.  AGAINST DEFENDANT STATE OF ALABAMA PERSONNEL DEPARTMENT**

1.  This paragraph requires neither an admission nor a denial.

2.  This paragraph requires neither an admission nor a denial.

3.   Deny the Plaintiff has been denied promotions she was qualified for in favor of lesser qualified white employees because of her race.

4.   Deny that Plaintiff was qualified for the positions for which her applications were rejected.   Deny the Plaintiff was more qualified than the individuals who were awarded the positions.

10

5.  Deny that the Alabama State Personnel Department has a pattern and practice of race discrimination and retaliation.

6.  Defendant validates all of its examinations and minimum qualifications and has legitimate non-discriminatory reasons for its actions.

7.  Deny that Plaintiff has suffered any emotional distress, embarrassment or humiliation as a result of any conduct of Defendant State Personnel Department.

8.  Plaintiff is not entitled to any relief and has not suffered any damages as a result of any conduct by Defendants.

## DEFENSES

1.     Plaintiff has failed to exhaust available administrative remedies and/or to satisfy all necessary jurisdictional prerequisites to the filing of this suit.

2.     Defendants' actions toward Plaintiff were taken for legitimate, nondiscriminatory and non-retaliatory reasons and in good faith and without regard to her race, sex or her having engaged in protected activity.

3.     Defendants are not liable for the actions of its agents, servants or employees committed outside the scope of their employment.

4.      Defendants may not be held liable for punitive damages as Defendant has undertaken a good faith effort to comply with Title VII and related state and federal laws and has never acted with malice or with reckless indifference to

federally protected or related personal/civil rights. *See Kolstad v. American Dental Ass'n*, 119 S.Ct. 2118, 2128-29 (1999).

5.     Plaintiff has failed and neglected to use reasonable means to protect herself from loss and to minimize or mitigate the alleged losses and damages complained of in her complaint.

6.     All employment decisions with regard to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons.

7.     Defendant denies that it was motivated by any unlawful animus when it took employment actions with regard to Plaintiff.  Defendant asserts, however, that it would have made the same employment decision(s) irrespective of any unlawful motive. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775 (1989).

8.     Defendant avers that Plaintiff's claims are barred by the applicable statute of limitations, statute of frauds, res judicata, collateral estoppel, laches, waiver, release and/or estoppel, and/or are untimely.

9.     Plaintiff is judicially estopped from demanding a trial by jury or from seeking compensatory and/or punitive damages.

10.     Plaintiff's demand for trial by jury and her claim for compensatory and/or punitive damages are inconsistent with her position as an intervenor and/or representative of the putative class in the related litigation of In re: Employment

Discrimination Litigation Against the State of Alabama, Civil Action No. 94-T-356-N.  Therefore, Plaintiff is estopped from demanding a trial by jury and from asserting claims for compensatory and/or punitive damages.

11.    Plaintiff's claims for compensatory and punitive damages as well as his/her demand for a trial by jury are barred by the law of the case in the related litigation of *In re: Employment Discrimination Litigation Against the State of Alabama*, Civil Action No. 94-T-356-N.

12.    Plaintiff has previously denied making any claims of retaliation against the Defendants and is now barred from asserting claims previously waived.

13.    The State Personnel Department is not the Plaintiff's employer and is not a proper defendant under Title VII.

14.    The State Personnel Department is not a proper defendant under 42 U.S.C. § 1981 or § 1983 as it is a state agency and entitled to Eleventh Amendment immunity.

15.    The State of Alabama Department of Mental Health and Mental Retardation is not a proper defendant under 42 U.S.C. § 1981 or § 1983 as it is a state agency and entitled to Eleventh Amendment immunity.

16.    Punitive damages are not available against a governmental entity under Title VII.

17.     Plaintiff cannot assert a request for jury trial at this stage of the proceedings without the agreement of all parties.  Defendants do not so agree.

18.     Plaintiff is prohibited from seeking any claims for damages after having previously waived such claims.

19.     Defendant Houston has absolute immunity in her official capacity under the Eleventh Amendment for any damage claims.

20.     Defendant Graham has absolute immunity in her official capacity under the Eleventh Amendment for any damage claims.

21.     Defendant Houston has qualified immunity to the extent any claims are attempted to be asserted against her in any individual capacity.

22.     Defendant Graham has qualified immunity to the extent any claims are attempted to be asserted against her in any individual capacity.

23.     Defendant Graham is not a proper defendant under Title VII as the employer is the proper defendant, not the individual.  As stated above, the State Personnel Department is not the Plaintiff's employer.

24.     The State Personnel Department was not listed by Plaintiff as being an employer on her EEOC charge and was never made aware of these claims.

25.     Retaliation claims have never been raised or pled and prior to this case and are therefore barred.

26.    Defendants are unaware of any actions by Plaintiff which would prompt any actions which could be considered retaliatory.  A decision maker cannot have been motivated to retaliate by something unknown to him. *Strickland v. Water Works* 239 F.3d 1199 (11th Cir. 2001); *Brungart v. BellSouth*, 231 F.3d 791 (11th Cir. 2000).

27.    Plaintiff requests an award of back pay against the individuals in their official capacities under 42 U.S.C. § 1983.  An award of back pay is damages under 42 U.S.C. § 1983 and is thus barred under the Eleventh Amendment.

28.    Defendant reserves the right to amend this answer or affirmative defenses based on discovery of additional information.

Respectfully submitted,

/s/ Theodore P. Bell
Warren B. Lightfoot, Jr.
John B. Holmes, III
Theodore P. Bell
Abigail H. Avery
Attorneys for the Defendants
Department of Mental Health
    and Mental Retardation, and
John Houston, Commissioner

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-4604
Telephone:      (205) 254-1000
Facsimile:      (205) 254-1999
Email:          wlightfoot@maynardcooper.com
                jholmes@maynardcooper.com
                tbell@maynardcooper.com
                aavery@maynardcooper.com

Courtney W. Tarver
Tamara R. Pharrams
DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION
P.O. Box 301410
Montgomery, Alabama 36130-1410
Telephone:  (334) 242-3038


                                    /s/ Alice Ann Byrne
                                    Alice Ann Byrne
                                    Attorney for the Defendants
                                    State Personnel Department and
                                    Jackie Graham, Director of State
                                    Personnel Board

STATE PERSONNEL DEPARTMENT
Folsom Administrative Building
64 North Union Street ~ Suite 316
Montgomery, Alabama 36130
Telephone:      (334) 242-3451
Facsimile:      (334) 353-4481
Email:          aliceann.byrne@personnel.alabama.gov

16

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2007, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

For the Plaintiff:

      Russell W. Adams, Esq.
      Rocco Calamusa, Jr., Esq.
      WIGGINS CHILDS QUINN & PANTAZIS, P.C.
      The Kress Building
      301 19th Street North
      Birmingham, Alabama 35203-3204

      /s/ Theodore P. Bell
      Of Counsel

17